IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY YEMOH SMITH,

    Plaintiff

v.                                      CIVIL NO. JKB-11-2033

TREASURY INSPECTOR GENERAL
FOR TAX ADMINISTRATION (TIGTA),

    Defendant

## MEMORANDUM

Anthony Yemoh Smith ("Plaintiff") brought this suit against the Treasury Inspector General for Tax Administration (TIGTA) ("Defendant") alleging violations of the Privacy Act, 5 U.S.C. § 552a. Defendant now moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The issues have been briefed and no oral argument is required. Local Rule 105.6. For the reasons explained below, Defendant's Motion to Dismiss (ECF No. 9) is GRANTED.

### I. BACKGROUND

Plaintiff is a former agent of the Internal Revenue Service ("IRS"). In August of 2010, TIGTA agents investigated allegations that Plaintiff had falsified a travel voucher that he submitted to his supervisor for reimbursement. As part of the investigation, TIGTA agent Kevin Davies obtained Plaintiff's arrest record, which revealed that he had been arrested in 2007 for obstructing a police officer. Agent Davies included this information in his Report of Investigation ("ROI"), which he submitted to IRS Territory Manager Cindy Halpert and Group

1

Manager Richard Ledger. The investigating agents also contacted Assistant United States Attorney Mark Crooks regarding possible prosecution of the Plaintiff for allegedly making false statements on an official government travel voucher. AUSA Crooks declined prosecution in favor of administrative action. However, on October 8, 2010, Ms. Halpert allegedly ordered that Plaintiff's employment with the IRS be terminated based on the information in the ROI, including the report of his prior arrest.

After his termination Plaintiff submitted a request to Defendant under the Privacy Act, 5 U.S.C. § 552a, seeking to "expunge" or "delete" certain information in the ROI, including the record of his prior arrest. Defendant denied Plaintiff's request on the grounds that the ROI was part of a system of records that was exempt from amendment under the Privacy Act. Plaintiff appealed the decision, but Defendant's Deputy Chief Counsel denied the appeal. On July 25, 2011, Plaintiff filed suit in this Court seeking an order compelling Defendant to "expunge" the ROI and an award of damages in the amount of $250,000. Defendant now seeks to dismiss the complaint on the basis of its affirmative defense that the records in question are exempt from amendment as a matter of law.[1]

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) is a test of the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In evaluating the complaint's sufficiency, the court must view all well-pled factual allegations as true and construe them in the light most favorable to the Plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

---

[1] Ordinarily, affirmative defenses must be raised in a responsive pleading rather than a motion to dismiss. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (*en banc*). However, where all the facts necessary to rule on an affirmative defense are alleged on the face of the complaint, a court may properly reach the defense on a motion to dismiss. *Id.* The Court finds that in this case Plaintiff has alleged sufficient facts in the complaint to determine the merits of Defendant's exemption defense. Furthermore, although Plaintiff has submitted a number of attachments with his opposition to Defendant's motion, the Court does not rely on these documents in reaching its decision. For these reasons, the Court finds that Defendant's exemption defense is properly before it on a motion to dismiss, and the Court will not convert the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d).

To survive the motion, the complaint need only present enough factual content to render the claim "plausible on its face" by enabling the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The plaintiff may not, however, rely on naked assertions, speculation, or legal conclusions. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556-57 (2007). If, after taking all factual allegations as true, the court determines that it cannot infer more than "the mere possibility of misconduct," the motion should be granted and the complaint dismissed. *Iqbal*, 129 S.Ct. at 1950.

### III. ANALYSIS

Subsection (d)(2) of the Privacy Act, 5 U.S.C. § 552a, allows any person to request a government agency to amend a record in its possession that pertains to him. If the agency denies such a request, then subsection (g) authorizes the requesting party to bring a civil action against the agency in federal district court. Subsections (j) and (k), however, allow for the exemption of records maintained by law enforcement agencies or otherwise compiled for law enforcement purposes. Defendant argues that the records Plaintiff seeks to amend are exempt under these provisions and that the case should therefore be dismissed. The Court agrees.

Subsection (j) of the Privacy Act reads, in pertinent part, as follows:

**(j) General exemptions.**--The head of any agency may promulgate rules... to exempt any system of records within the agency from any part of this section except subsections (b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (i) if the system of records is--
...
**(2)** maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws... and which consists of (A) information compiled for the purpose of identifying individual criminal offenders and alleged offenders...; (B) information compiled for the purpose of a criminal investigation, including reports of informants and investigators...; or (C) reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws...

3

Subsection (k) further allows for the exemption of record systems that consist of "investigatory material compiled for law enforcement purposes, other than material within the scope of subsection (j)(2)..." To effect an exemption, an agency need only give notice, an opportunity for public participation in the rulemaking process, and a statement of the reasons for the exemption. *See Aquino v. Stone*, 957 F.2d 139, 142 (4th Cir. 1992) (citing 5 U.S.C. § 552a(j)). Furthermore, the Fourth Circuit has held that once an agency has properly promulgated rules to exempt a system of records, it need not provide any reason or justification for refusing to amend an individual record in that system other than to show that the record is "authentic and [was] generated in connection with [an] investigation into a possible violation of the criminal law based on information sufficient to support at least a colorable claim that the subject committed the violation." *Id* at 142-43 (internal quotation marks omitted).[2, 3]

The records at issue in this case clearly meet the criteria for exemption. First, TIGTA's primary function is law enforcement. *U.S. v. Smith*, 235 F.Supp.2d 418, 422 (E.D. Pa. 2002) ("TIGTA is a federal law enforcement agency charged with investigating and seeking prosecution of IRS employees who commit federal crimes."). Second, pursuant to subsections (j) and (k), the Department of the Treasury ("DOT") has published a rule, 31 C.F.R. § 1.36, exempting several records systems, including TIGTA Office of Investigation Files. The statement of reasons contained in the rule is too lengthy to reproduce here, but its basic premise is that disclosure of criminal investigative files would hamper the agency's ability to effectively

---

[2] In so holding, the Court made reference to, and thus implicitly rejected, the stricter standard adopted by the D.C. Circuit requiring that an agency "establish that its investigating activities are realistically based on a legitimate concern that federal laws have been or may be violated." *Id* at 143 (citing *Pratt v. Webster*, 673 F.2d 408, 421 (D.C. Cir. 1982).

[3] *See also Shapiro v. Drug Enforcement Agency*, 721 F.2d 215, 218 (7th Cir. 1983) (vacated on other grounds) ("... Exemption (j)(2) does not require that a regulation's rationale for exempting a record from disclosure apply in each particular case. It is sufficient that the system of records be exempted properly... ." "Privacy Act Exemption (j) applies to whole systems of records. The only requirements are that the agency's principal function be law enforcement, that the system of records be compiled for the purpose of criminal investigation, and that the agency promulgate regulations exempting the system of records.")

investigate by, for example, allowing suspects to discover when they are being investigated, destroy evidence, or learn how to avoid detection in the future. Finally, Plaintiff's complaint alleges that his supervisors at the IRS contacted TIGTA regarding their suspicions that he had submitted a falsified travel voucher, plainly raising a colorable claim that that Plaintiff might have intentionally made a false statement to a government agency in violation of 18 U.S.C. § 1001.

Plaintiff does not dispute the records he seeks to amend are located in the TIGTA Office of Investigation Files or that the DOT properly promulgated rules to exempt those files from amendment. He also does not dispute that TIGTA is a law enforcement agency. He argues, however, that his ROI cannot be properly exempted because any claim that he violated a criminal law ceased to be "colorable" once the AUSA declined to prosecute him.[4]

The Fourth Circuit, however, upheld an agency's exemption of investigative records on nearly identical facts in *Seldowitz v. Office of Inspector General, U.S. Dept. of State*, 238 F.3d 414 (Table) (4th Cir. 2000) (unpublished). In that case, the Office of the Inspector General ("OIG") had compiled records about the plaintiff while investigating allegations that he had submitted a false travel voucher to a government agency. OIG showed these records to an AUSA, who decided to bring a civil prosecution against the plaintiff. The plaintiff later settled the case by agreeing to pay restitution. The plaintiff then made a request under the Privacy Act that OIG amend the records, which it refused. The Fourth Circuit found that the records were exempt from amendment because OIG had promulgated a rule properly exempting records related to the enforcement of criminal laws and because OIG's investigation of the plaintiff was

---

[4] Plaintiff also argues that the plausibility of any claim that he falsified documents is undermined by the fact that the ROI does not explicitly conclude that he did so. This argument is without merit as there is no requirement that an investigation must conclude that the subject has committed a crime in order to be a "criminal investigation." Indeed, it is usually the point of a criminal investigation to determine whether *or not* the subject has committed a crime.

5

clearly related to a possible False Claims Act violation. The Court found it irrelevant that the AUSA chose to bring a civil, rather than criminal, prosecution, and stated that this fact did not alter the criminal nature of the investigation. *Id* at 3-4.

Although *Seldowitz* is not binding precedent (because it is unpublished) it is nevertheless highly instructive in that it confirms the common-sense understanding that whether or not an investigation is "criminal" depends on what is being investigated and not the ultimate conclusion of the investigators or the decision of a prosecutor. Applying that understanding to this case, it is clear that Plaintiff's argument that the AUSA's decision not to prosecute him rendered TIGTA's investigation non-criminal is without merit. The Court therefore concludes that the records at issue are exempt from amendment pursuant to 5 U.S.C. § 552a(j)(2) and 31 C.F.R. § 1.36.

## IV. CONCLUSION

Accordingly, an ORDER shall enter GRANTING Defendant's Motion to Dismiss (ECF No. 9).

Dated this 1st day of December, 2011

BY THE COURT:

James K. Bredar
United States District Judge