IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ANTHONY YEMOH SMITH, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-11-2033 |
| TREASURY INSPECTOR GENERAL FOR TAX ADMINISTRATION (TIGTA), | * | |
| Defendant | * | |

## MEMORANDUM

Anthony Yemoh Smith ("Plaintiff") brought this suit against the Treasury Inspector General for Tax Administration (TIGTA) ("Defendant") alleging violations of the Privacy Act, 5 U.S.C. § 552a. Plaintiff now moves for leave to file an amended complaint. The issues have been briefed and no oral argument is required. Local Rule 105.6. For the reasons explained below, Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 13) is DENIED.

### I. BACKGROUND

Plaintiff is a former agent of the Internal Revenue Service ("IRS"). In August of 2010, TIGTA agents investigated allegations that Plaintiff had falsified a travel voucher that he submitted to his supervisor for reimbursement. As part of the investigation, TIGTA agent Kevin Davies obtained Plaintiff's arrest record, which revealed that Plaintiff had been arrested in 2007 for obstructing a police officer. Agent Davies included this information in his Report of Investigation ("ROI"), which he submitted to IRS Territory Manager Cindy Halpert and Group Manager Richard Ledger. The investigating agents also contacted Assistant United States

1

Attorney Mark Crooks regarding possible prosecution of the Plaintiff for allegedly making false statements on an official government travel voucher. AUSA Crooks declined prosecution in favor of administrative action. On October 8, 2010, Ms. Halpert allegedly ordered that Plaintiff's employment with the IRS be terminated based on the information in the ROI, including the report of his prior arrest.

After his termination, Plaintiff submitted a request to Defendant under the Privacy Act, 5 U.S.C. § 552a, seeking to "expunge" or "delete" certain information in the ROI, including the record of his prior arrest. Defendant denied Plaintiff's request on the grounds that the ROI was part of a system of records that was exempt from amendment under the Privacy Act. Plaintiff appealed the decision, but Defendant's Deputy Chief Counsel denied the appeal. On July 25, 2011, Plaintiff filed suit in this Court seeking an order compelling Defendant to "expunge" the ROI and an award of damages in the amount of $250,000. On October 14, 2011, Defendant filed a motion to dismiss the complaint for failure to state a claim. (ECF No. 9). On November 21, 2011, Plaintiff filed the instant motion for leave to file an amended complaint. (ECF No. 13). On December 1, 2011, before the instant motion became ripe, the Court granted Defendant's motion to dismiss the original complaint. (Order, ECF No. 15). The Court held the case open in order to rule on the instant motion, which is now ripe.

  II.  **LEGAL STANDARD**

Leave to amend a complaint should be "freely give[n] where justice so requires." Fed. R. Civ. P. 15(a)(2). But, a district court may deny leave if the amendment would prejudice the opposing party, if the moving party has acted in bad faith, or if the amendment would be futile. *Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006). If a district court chooses to deny leave, it must give justifying reasons. *See id* (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

**III. ANALYSIS**

On November 21, 2011, Plaintiff filed a document entitled *Memorandum in Support of Plaintiff's Motion for Leave to File Amended Complaint*. (ECF No. 13). Neither a separate motion nor a copy of the proposed amendment was included with the memorandum. Plaintiff has therefore failed to comply with Local Rule 103.6, which requires a party seeking to amend a pleading to submit both clean and "blacklined"[1] copies of the proposed amendment. *See Chambers v. Choice Hotels Intern., Inc.*, Civil Action No. DKC 11-0404, 2011 WL 2457645 at *2 (D. Md. June 15 2011). Ordinarily, this failure would be grounds for denying a motion for leave to amend or for holding the motion in abeyance until the necessary documents are received. Nevertheless, a court has discretion to consider a motion for leave to amend, even if made improperly, so long as the moving party's failure to observe the correct procedures does not prejudice the opposing party. *See id*. As explained below, the Court finds that Plaintiff's *Memorandum* provides a clear indication of what he intends to put in his amended complaint.

Plaintiff seeks leave to file an amended complaint alleging that Defendant violated 5 U.S.C. § 522a(b) by disclosing records pertaining to him to his employer without his consent. Specifically, Plaintiff cites two exhibits - "tab B page 5" and "tab F" – that he previously filed as attachments to his Response in Opposition to Defendant's Motion to Dismiss (ECF No. 11). The document that appears at page 5 of Plaintiff's Exhibit B (paper only) is entitled *Memorandum of Interview or Activity* and appears to be a record of a phone conversation between TIGTA Agent Kevin Davies and Assistant United States Attorney Mark Crooks. The notes indicate that Agent Davies informed AUSA Crooks of the results of TIGTA's investigation of Plaintiff and that AUSA Crooks declined prosecution in favor of administrative action. Exhibit F (paper only)

---

[1] *I.e.*, "a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type." Local Rule 103.6.c(2).

contains two e-mail colloquies.  In one, Agent Davies informs Plaintiff's supervisor, Richard Ledger, that Plaintiff was arrested in 2007 for obstructing a police officer.  In the other, another of Plaintiff's supervisors, Cindy Halpert, discusses terminating Plaintiff's employment, based in part on the information about his arrest.

Plaintiff asserts that Agent Davies' disclosure of information from his investigation file violated the Privacy Act, 5 U.S.C. § 522a(b), which provides, in relevant part, as follows:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be --
>
> . . .
>
> **(3)** for a routine use as defined in subsection (a)(7) of this section . . . .

Subsection (a)(7) defines "routine use" as: "the use of [a] record for a purpose which is compatible with the purposes for which it was collected[.]"  The Act also requires each agency that maintains a system of records to publish a notice in the Federal Register including, among other things, the routine uses for which the records will be compiled.  5 U.S.C. § 552a(e)(4)(D).  The Department of the Treasury's notice regarding TIGTA Office of Investigation Files is published at 75 Fed. Reg. 20,715.  It states that the purpose of the records "is to maintain information relevant to complaints received by TIGTA and collected as part of investigations conducted by TIGTA's Office of Investigations," and that one routine use of the records is to:

> [d]isclose information to a Federal, State, local, or other public authority maintaining civil, criminal, or other relevant enforcement information or other pertinent information, which has requested information relevant to or necessary to the requesting agency's, bureau's, or authority's hiring or retention of an individual, or issuance of a security clearance, license, contract, grant, or other benefit[.]

*Id*.

It is undisputed that the records involved in this case are part of the TIGTA Office of Investigations files. In Plaintiff's original complaint, he alleged that the IRS had sought investigation by TIGTA when it suspected him of falsifying a travel voucher. (Compl. at 2, ECF No. 1). He further alleged, and reiterates in his *Memorandum*, that the information in Agent Davies' ROI report affected (*i.e.*, was relevant to) the IRS's decision whether to retain him as an employee. *Id.*; (Mem. at 2, ECF No. 13). The facts alleged in Plaintiff's original complaint and in his memorandum seeking leave to amend thus leave no doubt that Agent Davies' disclosure of his ROI to Plaintiff's supervisors constituted a "routine use" of TIGTA Office of Investigation files, and therefore did not violate subsection (b) of the Privacy Act. Allowing Plaintiff to file an amended complaint adding a claim based on such a theory would therefore be futile.

## IV. ORDER

Accordingly, it is ORDERED that Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 13) is DENIED.

Dated this 3rd day of January, 2012

BY THE COURT:

/s/
James K. Bredar
United States District Judge